

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# USA v. Hurt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1250

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hurt" (2008). *2008 Decisions.* Paper 395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 07-1250

—————

UNITED STATES OF AMERICA

v.

NATHANIEL HURT,
                    Appellant

—————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00431-01)
District Judge: Honorable Berle M. Schiller

—————

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

—————

Before: BARRY, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: October 8, 2008)

—————

OPINION

—————

AMBRO, Circuit Judge

Nathaniel Hurt challenges his conviction and sentence for possession with intent to

distribute more than fifty grams of cocaine base (in violation of 21 U.S.C. § 841(a)(1)),

possession of a firearm in furtherance of a drug-trafficking crime (in violation of 18

U.S.C. § 924(c)), and possession of a firearm by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)). For the following reasons, we affirm.

Hurt was released on parole in connection with a sentence for carrying a firearm without a license. A condition of that parole was that he refrain from using, possessing, or selling controlled substances. During a meeting with his parole officer, however, he revealed that he had purchased Xanax "off the streets" without a prescription and consumed it. The officer administered a urine test, the results of which were positive for benzodiazepine (an ingredient of Xanax). Based on these results and other considerations that aroused suspicion of drug activity—for instance, Hurt's apparently significant wealth despite the lack of any verified employment—the parole department decided to search Hurt's apartment.

When parole officers and law enforcement personnel executed the search, Hurt pointed a gun at one of them and initially disobeyed an order to put the gun down. A search of the apartment ultimately revealed crack cocaine, a digital scale, a pot and large silver utensils with cocaine-base residue on them, and similar items. A jury convicted Hurt of the crimes noted above.

After enhancing Hurt's offense level under U.S.S.G. § 3A1.2(c)(1) for creating a "substantial risk of serious bodily injury" to a law enforcement officer, the District Court imposed a below-Guidelines sentence of 300 months' imprisonment. Hurt appeals.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

He argues that the officers' search of his apartment violated the Fourth Amendment. We disagree. Because Hurt was on parole, the officers needed only "reasonable suspicion" that they would find evidence of a parole violation in Hurt's apartment. *See United States v. Baker*, 221 F.3d 438, 443–44 (3d Cir. 2000). Given, among other considerations, the positive drug test and the parole officer's knowledge that drug users typically store their drugs at home, the officers met this standard.

Hurt also argues that, because he did not intend to cause bodily injury and thus did not commit aggravated assault, the District Court should not have applied the § 3A1.2(c)(1) enhancement for creating a substantial risk of serious bodily injury to a law enforcement officer. He bases this argument on commentary to the enhancement Guideline that "[s]ubsection (c) applies in circumstances tantamount to aggravated assault." § 3A1.2(c) application note 4(A). But "'tantamount' does not mean 'identical'"; it is sufficient that Hurt's conduct clearly presented the necessary risk of harm and that he had "ample reason to know that fear will be caused." *United States v. Lee*, 199 F.3d 16, 18–19 (1st Cir. 1999).

Nor do we agree that the District Court engaged in impermissible double-counting when it applied the enhancement despite also sentencing Hurt for possessing a firearm in furtherance of a drug-trafficking crime. "[O]nly when the Guidelines explicitly prohibit double counting will it be impermissible to raise a defendant's offense level under one provision when another offense Guideline already takes into account the same conduct." *United States v. Fisher*, 502 F.3d 293, 309 (3d Cir. 2007) (alteration in original) (quoting

3

*United States v. Wong*, 3 F.3d 667, 671 (3d Cir. 1993)).  Hurt points to no explicit prohibition.

Hurt's final two arguments do not persuade us.  First, viewing the record as a whole, we are satisfied that at sentencing the District Court adequately considered the pertinent 18 U.S.C. § 3553(a) factors and reasonably applied them to Hurt's case to arrive at its below-Guidelines sentence.  Second, the District Court did not commit a gross abuse of discretion in permitting the Government to admit proof of the interstate commerce element of the felon-in-possession count.  *See United States v. Jimenez*, 513 F.3d 62, 84 (3d Cir. 2008) (district court's decision regarding order of proof is not reversible absent "'gross abuse of discretion'" (quoting *United States v. Chrzanowski* 502 F.2d 573, 576 (3d Cir. 1974)).

For these reasons, we affirm.